THE CLEVELAND CO-OPERATIVE STOVE COMPANY *et al.* v. WILSON *et al.*

Assignment for Benefit of Creditors: PREFERENCES: PROPERTY WITHHELD: GARNISHMENT OF ASSIGNEE. W. was insolvent, and was indebted to C. in the sum of five hundred and twenty-five dollars. C. was pressing him for payment, and W. proposed that he would make a chattel mortgage to C., and also make a general assignment to him for the benefit of his creditors, if C. would discount the mortgage by paying him two hundred and fifty dollars cash. The proposition was accepted. It seems that W. had some money in the hands of his daughter which, with the money paid him by C., was withheld from the assignee, and, it may be conceded, with his knowledge. The plaintiffs, creditors of W., afterwards procured judgments against him, and garnished C. as his debtor by virtue of the above-named transactions, on the ground that the mortgage and the assignment constituted but one transaction, and that it was fraudulent because it gave preference to the assignee as a creditor of the assignor, and also because the assignee left money in the hands of W. and his daughter which should have been used in the payment of debts. *Held*—

(1) That, since by the transaction the assignee would get a less percentage on his claim than the others, it did not give him a preference over them, and it was not therefore an assignment with preferences within the meaning of the statute making such assignments void.

(2) That the transaction considered as an assignment was not void on account of the withholding the money from the assignee, even if done with his consent, for the creditors could pursue it in the hands of those who held it; but that the assignee could not be made liable therefor as garnishee, because it never came into his hands.

*Appeal from Polk District Court.* — HON. JOSIAH GIVEN, Judge.

FILED, JUNE 3, 1890.

THIS is a garnishment proceeding. Upon a trial on the merits of the case in the court below the garnishee was discharged. Plaintiffs appeal.

*Nathaniel B. Raymond*, for appellants.

*Mitchell & Dudley* and *Macomber & Glidden*, for appellees.

BECK, J.—I. The plaintiffs commenced separate actions by attachments against Charles Wilson, and caused Attwater Cook to be served with garnishee process. Judgments were entered in favor of plaintiff, and the garnishee answered, denying any indebtedness to defendant Wilson. The evidence discloses the following facts: Wilson, being indebted to Cook, executed a chattel mortgage to secure him, and on the same day assigned to him all of his property for the benefit of his creditors. Cook claims under both the mortgage and the assignment, and seeks to enforce both. Plaintiffs insist that the two instruments constitute but one transaction, and are in fact an assignment, and, as they give preference to the assignee, Cook, the assignment is void. Cook in his answer denies indebtedness to Wilson, and liability as a garnishee.

II. We find that Wilson was indebted to Cook in the sum of five hundred and twenty-five dollars, and owed other persons various sums. He was in mercantile business, and his indebtedness exceeded the value of his property. He was unable to meet his indebtedness, and made an effort to close his business by sale of his stock, in which he was not successful. Cook had pressed him for payment or security of his claim. He

The Cleveland Co-operative Stove Co. v. Wilson.

finally proposed to Cook that, if he would discount his claim by paying him cash, two hundred and fifty dollars, he would execute a chattel mortgage to secure the claim. He proposed at the same time to assign to him his property for the benefit of his creditors. These propositions were accepted, and the chattel mortgage and assignment were accordingly executed. We find that Wilson was insolvent, and that all his property (excepting, probably, some money) was transferred by the assignment to Cook for the benefit of Wilson's creditors. His indebtedness to Cook existed in good faith. His transaction with Cook was neither payment in full nor security for the full amount of Cook's claim. Cook paid about half the debts in cash, in order to acquire the security. Whatever was the motive of this strange transaction, it was not payment nor security in full to the prejudice of other creditors. Indeed, we infer from the evidence that the other creditors will recover larger proportions of their claims than Cook. We may assume, as plaintiffs claim, that the two instruments—the assignment and chattel mortgage—together constitute an assignment. But it was not in fact an assignment with preference against the other creditors. If there was any preference, it was in their favor. The person they allege was preferred received a smaller portion of his claim than the other creditors. They cannot complain. It is not the case of preference, which the law condemns, and will not uphold, but it is the case where the assignee consents to take a little less than fifty cents on the dollar while the creditors get more than sixty cents. Surely, there is no fraud here; certainly none to the prejudice of plaintiffs, and they cannot complain if what they allege to be a fraud is to their benefit. It must be confessed that Cook's transactions with Wilson are strange, and may be irregular, but it is not shown that plaintiffs were prejudiced thereby. They are therefore not entitled to any relief.

III. It is said that Wilson had money held by his daughter, and the money paid him by Cook, which is

not covered by the assignment. Let this proposition of facts be admitted. It is not shown that Cook had anything to do with putting the money into the hands of his daughter, and is not, therefore, to be defeated of any of his rights by reason thereof. The law does not defeat an assignment because it does not cover all the assignee's property. Whatever is not assigned may be pursued by the creditors. But it cannot be pursued to the hands of Cook, for it never went therein. Cook cannot be made liable as a garnishee for money which he never had. Let it be assumed that Cook was guilty of fraud in the payment of the two hundred and fifty dollar to Wilson, and had a knowledge that Wilson had money which he did not transfer by the assignment, and that in these matters he acted fraudulently. Why does this demand that the assignment be set aside? Plaintiffs insist that the assignment be set aside, when in fact Cook, under the assignment, receives less on his claim than they do on theirs. And if plaintiffs' position in this case be sustained, and they recover against the garnishee, they will recover all the claim, and Cook and the other creditors must be content to divide between them what is left. It is simply the case of a clamor about preferences of creditors, where plaintiffs' effort is to secure preference themselves. It is wholly unnecessary to consider propositions of law, clearly stated and ably supported by counsel. They are sound, but not applicable to the case.                              AFFIRMED.